IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD D. PARKELL,                      )
                                        )
            Plaintiff,                  )
                                        )
      v.                                ) Civ. No. 10-412-SLR
                                        )
COMMISSIONER CARL DANBERG,              )
et al.,                                 )
                                        )
            Defendants.                 )

## MEMORANDUM ORDER

At Wilmington this 2nd day of August, 2010, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) plaintiff's request for counsel is denied without prejudice to renew (D.I. 3); (2) plaintiff may proceed against defendants Commissioner Carl Danberg, Warden Perry Phelps, Deputy Warden David Pierce, Major Michael Costello, Captain M. Rispoli, Correctional Medical Services, Betty Bryant, Deputy Warden Christopher Klein, Captain John Doe and Chris Damron; and (3) defendants Lieutenant John Doe, Sergeant John Doe, Brian Kuhner, Ms. West, Maintenance Supervisor John Doe, Dr. Baeder, and all claims related to the tier flooding are dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Donald D. Parkell ("plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed his

complaint pursuant to 42 U.S.C. § 1983.[1]  He proceeds pro se and has been granted leave to proceed without prepayment of fees.

2. **Standard of Review**.  This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995)

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

(holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff

has a "plausible claim for relief."[2]  *Id.* at 211.  In other words, the complaint must do

more than allege plaintiff's entitlement to relief; rather it must "show" such an

entitlement with its facts.  *Id.*  "[W]here the well-pleaded facts do not permit the court to

infer more than a mere possibility of misconduct, the complaint has alleged - but it has

not shown - that the pleader is entitled to relief."  *Iqbal*, 129 S.Ct. at 1949 (quoting Fed.

R. Civ. P. 8(a)(2)).

6.  **Discussion**.  Plaintiff alleges that, while handcuffed, he was ordered to

proceed to his cell by defendants Ms. West ("West") and Brian Kuhner ("Kuhner") and

was required to traverse an area with "massive flooding."  When plaintiff reached the

top of the stairs he slipped in running water and fell.  Medical was called, plaintiff's

hands were uncuffed, he was placed on a stretcher, and carried to the nurse's station.

Next, he was transported to the Kent General Hospital,[3] treated by defendant Dr.

Baeder ("Dr. Baeder"), and x-rayed.  Plaintiff complained of elbow and shoulder pain.

He was discharged and returned to the prison infirmary where he remained for

approximately one week.  His cell there had little to no heat and, because his Security

Housing Unit ("SHU") status forbade anyone from entering his cell to treat him, he was

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*

[3]Kent General Hospital falls under the umbrella of the Bayhealth Medical Center, a not-for-profit healthcare system.  http://www.bayhealth.org.

required to crawl to the door and "stick his arm out of a small opening to receive treatment, vital-sign checks and medication."

7. Plaintiff alleges that he was refused medication and ice to reduce the swelling. Additionally, defendant Chris Damron ("Damron"), who was assigned to provide him physical therapy, manhandled his injured extremity and defendant Betty Bryant ("Bryant") would not provide medical care even after he complained of an arm infection. A few days later officers observed plaintiff's swollen and infected arm and notified the physician on duty who scheduled an emergency procedure and ordered medication. On January 19, 2009, plaintiff underwent a medical procedure at the nurse's station, a culture was obtained, and it revealed a staphylococcus infection. Plaintiff was treated in February and, in March, underwent testing on his forearm nerves. In August 2009 he was ordered to begin physical therapy.

8. On November 4, 2009 plaintiff returned to isolation to complete "back-up time" for disciplinary misconduct that had occurred in June 2009. Plaintiff sought medical care while in isolation when his arm again became infected. He was told by nurses and correctional officers that, while housed in isolation, he was not allowed medical treatment for any reason but, upon release from isolation, he could submit a sick-call request. After a few days in isolation, he was seen by a mental health worker and they discussed his infected arm. The mental healthcare worker placed a telephone call and later that evening plaintiff was taken to the infirmary where he was treated and received medication. Plaintiff underwent a second medical procedure on December 4, 2009. As of March 2010, he had received physical therapy three times. Plaintiff was informed by the physical therapist that the delay in starting physical therapy caused the

-5-

injury to heal incorrectly and that plaintiff required an MRI.  (D.I. 2)  Plaintiff seeks

compensatory and punitive damages, and injunctive relief.  He also requests counsel.

(D.I. 3)

9. **Negligence**.  Prison officials must provide humane conditions of confinement

by ensuring that inmates receive adequate food, clothing, shelter, and medical care.

*See Farmer v. Brennan,* 511 U.S. 825, 832  (1994).  A prison official violates the Eighth

Amendment when the prison official is deliberately indifferent to inmate health or safety

and when this act or omission results in the denial of "the minimal civilized measure of

life's necessities."  *See id.* at 834.  Therefore, a prison official can be held liable under

the Eighth Amendment for denying humane conditions of confinement if he knows that

inmates face a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it.  *See id.* at 847.

10. Claims of negligence, without a more culpable state of mind, do not

constitute "deliberate indifference."  *See Singletary v. Pennsylvania Dep't Of Corr.,* 266

F.3d 186, 193 n.2 (3d Cir.  2001).  "[W]hile [a] standing-water problem [is] a potentially

hazardous condition, slippery floors constitute a daily risk faced by members of the

public at large. . . . Consequently, . . , as a matter of law, [] the hazard encountered by

plaintiff was no greater than the daily hazards faced by any member of the general

public  . . . , and [] there is nothing special or unique about plaintiff's situation that will

permit him to constitutionalize what is otherwise only a state-law tort claim."  *Reynolds*

*v. Powell*, 370 F.3d 1028, 1030, 1032 (10th Cir. 2004).  *See Bacon v. Carroll*, 232 F.

App'x 158, 160 (3d Cir. 2007) (slip and fall claim amounts merely to negligence);

-6-

*LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Denz v. Clearfield County*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (no Eighth Amendment violation based on slippery floor in prison cell, despite prison officials alleged knowledge of the hazard); *Robinson v. Cuyler*, 511 F. Supp. 161, 162-63 (E.D. Pa. 1981) (no Eighth Amendment violation based on slippery prison dining hall).

11. Plaintiff alleges that West and Kuhner required him to walk through a flooded tier, Lieutenant and Sergeant John Does ("Lt. Doe", "Sgt. Doe") ordered West and Kuhner to ignore the flood and operate the tier in a normal fashion, maintenance supervisor John Doe ("supervisor Doe") failed to respond to work orders pertaining to the plumbing emergency, and Captain M. Rispoli ("Rispoli") and Captain John Doe ("Capt. Doe") were aware of a faulty shower, but failed to act, and also required West and Kuhner to operate the tier in a normal fashion. (D.I. 2, ¶¶ 63-65, 69, 74) Plaintiff couches his claim under the Eighth Amendment incorporating legal conclusions in an effort to state a claim. Although a flooded tier may pose a substantial risk, plaintiff's allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment. The claim is nothing more than negligence. For the above reasons, the court will dismiss all tier flooding claims against defendants Kuhner, West, Lt. Doe, Sgt. Doe, supervisor Doe, Rispoli, and Capt. Doe as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Inasmuch as the tier flooding claims are the only claims raised against Kuhner, West, Lt. Doe, Sgt. Doe, and supervisor Doe, they will be dismissed from the case.

-7-

12. **Medical Needs**. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

13. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is

insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

14. Plaintiff alleges that, while at Kent General Hospital, Dr. Baeder examined him quickly, ordered x-rays for his hand, hip, and ribs, and pain medication. (D.I. 2, ¶¶ 35, 40) At the time, plaintiff also complained of elbow and shoulder pain. Plaintiff alleges that Dr. Baeder violated his constitutional rights when he refused to examine his elbow after becoming aware that he had failed to examine it during his initial examination. (*Id.* at ¶ 68) Plaintiff alleges the failure resulted in an infection causing extreme pain.

15. Initially, the court notes that Dr. Baeder is not a state actor. For this reason alone, the claim against him must be dismissed. In addition, the claim against Dr. Baeder lies under a negligence theory. As discussed, claims of negligence do not rise to the level of a constitutional violation. For these reasons, the court will dismiss as frivolous the medical needs claims against Dr. Baeder to pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

16. **Request for Counsel**. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a

-9-

complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d

Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by

counsel may be appropriate under certain circumstances, after a finding that a plaintiff's

claim has arguable merit in fact and law).

17.  After passing this threshold inquiry, the court should consider a number of

factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*,

294 F.3d 492, 499 (3d Cir. 2002).

18.  Plaintiff requests counsel on the grounds that his claims have definite merit,

he has limited access to the law library, the issues are complex and are in dispute, and

the injury to his right arm makes it difficult for him to handwrite his pleadings.  (D.I. 3)

This case has just commenced.  To date, plaintiff has shown that he possesses the

ability to adequately pursue his claims.  Upon consideration of the record, the court is

not persuaded that appointment of counsel is warranted at this time.  Accordingly,

plaintiff's request for counsel is denied without prejudice to renew following resolution of

summary judgment motions.  (D.I. 3)

19.  **Conclusion**.  For the above reasons, plaintiff's request for counsel is

**denied** without prejudice to renew.  (D.I. 3)  Defendants Lt. Doe, Sgt. Doe, Kuhner,

-10-

West, supervisor Doe, and Dr. Baeder are dismissed, as are all claims related to the tier flooding. Plaintiff **may proceed** on the remaining claims against defendants Commissioner Carl Danberg, Warden Perry Phelps, Deputy Warden David Pierce, Major Michael Costello, Captain M. Rispoli, Correctional Medical Services, Betty Bryant, Deputy Warden Christopher Klein, Captain John Doe, and Chris Damron.

IT IS FURTHER ORDERED that:

1. The Clerk of Court shall cause a copy of this order to be mailed to plaintiff.

2. The complaint names Captain John Doe. When plaintiff learns the identity of Captain John Doe, he shall immediately move the court for an order directing amendment of the caption and service of the complaint on him.

3. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall complete and return to the Clerk of Court an **original** "U.S. Marshal-285" forms for **remaining defendants Commissioner Carl Danberg, Warden Perry Phelps, Deputy Warden David Pierce, Major Michael Costello, Captain M. Rispoli, Correctional Medical Services, Betty Bryant, Deputy Warden Christopher Klein, Captain John Doe, and Chris Damron**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with copies of the complaint for service upon the remaining defendants. Plaintiff is notified that the United States Marshal Service ("USMS") will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of Court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the attorney general within**

-11-

**120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

4.  Upon receipt of the form(s) required by paragraph 3 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

5.  A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

6.  A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

7.  No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

8.  **NOTE:** \*\*\* When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An

-12-

amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

9. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

-13-