IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| DONALD D. PARKELL, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Civ. No. 10-412-SLR |
| COMMISSIONER CARL DANBERG, et al., | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 4th day of August, 2011, having screened the amended complaint (D.I. 66) pursuant to 28 U.S.C. § 1915 and § 1915A and considered the pending motions (D.I. 25, 28, 68, 72, 73);

IT IS ORDERED that: (1) defendants' motions to dismiss (D.I. 25, 28) are denied without prejudice; (2) plaintiff's motion for a copy of his medical file (D.I. 68) is denied as moot; (3) plaintiff's request for counsel (D.I. 72) is denied without prejudice to renew; (4) plaintiff's motion for a court appointed expert (D.I. 73) is denied; (5) the second amended complaint (D.I. 83) is stricken; and (6) plaintiff may proceed on the amended complaint (D.I. 66) for the reasons that follow:

1. **Background.** Plaintiff Donald D. Parkell ("plaintiff"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed his complaint pursuant to 42 U.S.C. § 1983. He proceeds pro se and has been granted leave to proceed without prepayment of fees. The court screened the original complaint pursuant to 28 U.S.C. § 1915 and § 1915A, dismissed certain claims and allowed plaintiff to proceed with other claims. (D.I. 8) Subsequent to service,

defendants Correctional Medical Services, Inc. and Betty Bryant moved to dismiss the original complaint. (D.I. 25) In addition, defendants Commissioner Carl Danberg, Warden Perry Phelps, Deputy Warden David Pierce, Major Michael Costello, Captain M. Rispoli, Deputy Warden Christopher Klein, and Captain John Doe ("collectively "State Defendants") moved to dismiss the original complaint. (D.I. 28)

2. Plaintiff then moved to amend, the court granted the motion and ordered plaintiff to file his amended complaint on or before June 30, 2011. (D.I. 37, 64) In the same order, defendants were ordered to supplement their motions to dismiss or inform the court that their motions were mooted by the amended complaint. Plaintiff filed his amended complaint on May 25, 2011. (D.I. 66) He concurrently filed a motion for a copy of his medical records and, a week later, filed a request for counsel and a motion for a court appointed expert. (D.I. 68, 72, 73) On June 26, 2011, plaintiff filed a second amended complaint without leave of court. (D.I. 83)

3. **Motions to dismiss**. Defendants' motions to dismiss are **denied** without prejudice. (D.I. 25, 28) Defendants were ordered to either supplement their motions to dismiss or to advise the court their motions were mooted by the amended complaint. They did neither.

4. **Medical file**. Plaintiff's motion for a copy of his medical file is **denied** as moot. (D.I. 68) State defendants provided plaintiff a copy of the medical records in the possession of the Delaware Department of Correction. (*See* D.I. 78, 79)

5. **Request for counsel**. Plaintiff's renewed request for counsel is denied without prejudice to renew. (D.I. 72) A pro se litigant proceeding in forma pauperis has

no constitutional or statutory right to representation by counsel. See *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

6. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

7. To date, plaintiff has shown that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

8. **Court appointed expert**. Plaintiff's motion requesting a court appointed expert pursuant to Fed. R. Evid. 706 is **denied**. (D.I. 73) Plaintiff seeks an expert to provide a signed affidavit of merit, apparently so that he may raise a supplemental medical negligence claim.

9. Rule 706 provides that the trial judge has broad discretion to appoint an independent expert answerable to the court, whether sua sponte or on the motion of a party. *Ford v. Mercer County Corr. Ctr.*, 171 F. App'x 416, 420 (3d Cir. 2006). The policy behind Rule 706 is to promote the jury's factfinding ability. *Ford v. Mercer County Corr. Ctr.*, 171 F. App'x 416, 420 (3d Cir. 2006) (citations omitted). *See Ledford v. Sullivan*, 105 F.3d 354, 359-60 (7th Cir.1997) (jury could comprehend whether plaintiff's medical needs were "serious" without the aid of a court-appointed expert). Here, plaintiff seeks an expert, not to aid the jury in factfinding, but to aid him in bringing a medical negligence claim pursuant to Delaware law.

10. **Second amended complaint**. The court **strikes** plaintiff's second amended complaint. (D.I. 83) Pursuant to Fed. R. Civ. P. 15(a), a party may amend his pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion whichever is earlier. Otherwise, a party may amend his pleading only with the opposing party's written consent or the court's leave. The twenty-one day period has passed, and the record does not contain defendants' written consent to file a second

amended complaint, nor did plaintiff seek leave of court to file a second amended complaint.

IT IS FURTHER ORDERED that:

1. The clerk of court shall cause a copy of this order to be mailed to plaintiff.

2. The court has identified, in the amended complaint (D.I. 66), what appear to be non-frivolous and cognizable claims within the meaning of 28 U.S.C. § 1915A(b).

3. The amended complaint adds defendants Correct Care Services, LLC, Mental Health Management, Allen Harris, John Doe Medical Director for Correctional Medical Services, Inc. and John Doe Medical Director for Correct Care Services, LLC.

4. When plaintiff learns the identity of the Doe defendants he shall immediately move the court for an order directing amendment of the caption and service of the complaint on them

5. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall complete and return to the Clerk of Court an **original** "U.S. Marshal-285" forms for **newly added defendants Correct Care Services, LLC, Mental Health Management, and Allen Harris,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Plaintiff shall also provide the court with copies of the amended complaint (D.I. 66) for service upon the new added defendants. Plaintiff is notified that the United States Marshal Service ("USMS") will not serve the amended complaint until all "U.S. Marshal 285" forms and service copies have been received by the clerk of court. Failure to provide the "U.S. Marshal 285"**

**forms and service copies of the amended complaint for each newly added defendant and the attorney general within 120 days of this order may result in the amended complaint being dismissed or the newly added defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

6. Upon receipt of the form(s) required by paragraph 5 above, the USMS shall forthwith serve a copy of the amended complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the newly added defendants so identified in each 285 form.

7. A defendant to whom copies of the amended complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

8. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

9. No communication, including pleadings, briefs, statement of position, etc., will

be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

                                                                                     _____
                                                                                     UNITED STATES DISTRICT JUDGE