IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-412-SLR |
| | ) |
| CARL DANBERG, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 6th day of March, 2012, having considered the pending motions (D.I. 86, 88, 90, 95, 99, 100, 101, 107, 115, 120);

IT IS ORDERED that: (1) defendants' motions to dismiss (D.I. 86, 88, 90, 115) are denied without prejudice; (2) plaintiff's motion to compel answers (D.I. 95, 120), motion to strike (D.I. 99), and motions for default judgment (D.I. 101, 120) are denied; and (3) plaintiff's motions to amend (D.I. 100, 107) are granted, for the reasons that follow:

1. **Background.** Plaintiff Donald D. Parkell ("plaintiff"), a prisoner incarcerated at the Sussex Correctional Institution, Georgetown, Delaware, filed his complaint pursuant to 42 U.S.C. § 1983. He proceeds pro se and has been granted leave to proceed without prepayment of fees. The court screened the original complaint pursuant to 28 U.S.C. § 1915 and § 1915A, dismissed some claims and allowed plaintiff to proceed against defendants Commissioner Carl Danberg, Warden Perry Phelps, Deputy Warden David Pierce, Major Michael Costello, Captain M. Rispoli, Correctional Medical Services, Betty Bryant, Deputy Warden Christopher Klein, Captain John Doe,

and Chris Damron. (D.I. 8) The rulings in the screening order dismissed the following: (1) "IV. Parties," paragraphs twelve through sixteen and twenty; (2) "VI. Statement of Facts," paragraphs twenty-seven through thirty-two and thirty-five; (3) "VII Causes of Action/Claims for Relief," paragraphs sixty-three through sixty-five, sixty-eight, sixty-nine, and seventy-four.

2. Plaintiff moved for, and was granted, leave to amend. (D.I. 37, 64) The court ordered plaintiff to file his amended complaint on or before June 30, 2011. Plaintiff filed an amended complaint on May 25, 2011. (D.I. 66) The amended complaint added defendants Correct Care Services, LLC, Mental Health Management ("MHM"), Allen Harris ("Harris"), John Doe Medical Director for Correctional Medical Services, Inc. and John Doe Medical Director for Correct Care Services, LLC as well as medical needs and due process claims. (D.I. 66) In the Statement of Facts, paragraph eighteen, the amended complaint states, "[t]he plaintiff fully incorporates his initial complaint and all filed documents as if stated entirely herein." (*Id.* at ¶ 18) On June 26, 2011, plaintiff filed a second amended complaint without leave of court and it was stricken on August 5, 2011. (D.I. 83, 93) The second amended complaint included dismissed parties and claims.

3. **Motions for leave to amend**. Plaintiff's motions for leave to amend are **granted**. (D.I. 100, 107) Plaintiff explains that the stricken second amended complaint was an inartful attempt to consolidate the allegations contained in the original complaint (D.I. 2) and the amended complaint (D.I. 66). Defendants oppose the motions as prejudicial.

4. Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

5. The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

6. Here, plaintiff seeks to amend to streamline the complaint into one document. Given the limitations the court will set on the content of the third amended complaint, it finds that no prejudice will inure to defendants. Plaintiff shall file his third amended complaint on or before **April 9, 2012**, as follows: The third amended complaint shall contain only the surviving defendants, claims, and allegations as discussed hereinabove and in the court's August 2, 2010 and August 5, 2011 orders. (*See* D.I. 8, 93) The third

3

amended complaint shall not include dismissed allegations, claims or defendants or new claims, allegations, or defendants. Should plaintiff file a third amended complaint that does not comply with the foregoing, it will be stricken and the complaint (D.I. 2) and amended complaint (D.I. 66), together, shall be considered as the operative pleading, and the matter will proceed on the remaining allegations, claims, and defendants as set forth in the court's August 2, 2010 and August 5, 2011 orders. (See D.I. 8, 93)

7. **Motions to dismiss**. Defendants' motions to dismiss are **denied** without prejudice to renew upon the filing of the third amended complaint. (D.I. 86, 88, 90, 115) Plaintiff's motion to strike the motion to dismiss is **denied**. (D.I. 99) All motions to dismiss the third amended complaint and briefs, if any, in support of the motions, shall be served and filed on or before **May 7, 2012**. Answering briefs, if any, shall be filed on or before **June 4, 2012**. Reply briefs shall be filed on or before **June 18, 2012**.

8. **Motions to compel and for default judgment**. Plaintiff's motions to compel answers to the amended complaint are **denied**. (D.I. 95, 120) Plaintiff's motions for default judgment are **denied**. (D.I. 101, 120) Plaintiff moves for default judgment on the grounds that defendants have not filed answers to the complaint. (D.I. 101) He also moves for default judgment against MHM and Harris on the grounds that they failed to return the waiver of service of summons.

9. Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter. . .the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b),

4

precludes entry of default. See *Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459 (D.N.J. Sept. 19, 2006).

10. When plaintiff filed his motions, the served defendants had pending motions to dismiss. In addition, at this juncture, there is no indication that service has been effected upon MHM and Harris. Hence, entry of default is not proper.

IT IS FURTHER ORDERED that:

1. Plaintiff has been granted leave to proceed in forma pauperis.

2. Upon the filing of the third amended complaint, pursuant to Fed. R. Civ. P. 4(b), (c)(1), and (c)(3), plaintiff shall request the Clerk of Court to prepare a summons for each defendant who failed to return the "Waiver of Service of Summons." **Plaintiff shall also complete and return to the Clerk of Court original "U.S. Marshal-285" form(s) and copies of the third amended complaint for personal service upon defendant(s). Failure to request issuance of summons and to provide "U.S. Marshal 285" form(s) containing a complete address and copies of the third amended complaint at the time of its filing may result in the dismissal of defendant(s) pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the request for issuance of summons, the USM-285 form(s) and copies of the third amended complaint required by paragraph 2 above, the Clerk of Court shall issue the summons and transmit the summons, USM-285 form(s), copies of the complaint, and a copy of this order to the United States Marshals Service ("USMS") for immediate service pursuant to Fed. R. Civ. P. 4(c). The USMS shall personally serve process and a copy of this order upon the defendant(s) pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

4. Within ten days after personal service is effected, the USMS shall file the return of service for defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

                                                                          _____
                                                                          UNITED STATES DISTRICT JUDGE