IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD D. PARKELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-412-SLR |
| | ) | |
| CARL DANBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 3rd day of May, 2012;

IT IS ORDERED that:

1. **Background.** Plaintiff Donald D. Parkell ("plaintiff"), a prisoner incarcerated at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed his complaint pursuant to 42 U.S.C. § 1983. He proceeds pro se and has been granted leave to proceed without prepayment of fees. During the course of this litigation plaintiff was released from imprisonment, but is once again incarcerated.

2. **Filing fee.** The April 9, 2012 order is **vacated**. (D.I. 125) Payment of the filing fee shall take place as set forth in the June 1, 2010 order. (D.I. 5)

3. **Voluntary dismissal.** Plaintiff's letter/motion to voluntarily dismiss defendants Mental Health Management and Allen Harris pursuant to Fed. R. Civ. P. 41 is **granted**. (D.I. 126)

4. **Request for counsel.** Plaintiff's request for counsel is **denied** without prejudice to renew. (D.I. 128) Plaintiff seeks counsel on the grounds that he is again

incarcerated and needs assistance with the discovery process. In addition, he complains that defendants will not consider a settlement.

5. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

6. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

2

7. To date, plaintiff has shown that he possesses the ability to adequately pursue his claims. Upon consideration of the record, the court is not persuaded that appointment of counsel is warranted at this time.

8. **Motion requesting answers**. Plaintiff's motion requesting answers from defendants is **denied**. (D.I. 129) Plaintiff was given leave to file a third amended complaint. (*See* D.I. 121) He did not. Plaintiff indicates that he wishes to proceed on the amended complaint at docket item 66. (*See* D.I. 126) The amended complaint incorporates the original complaint and, therefore, the complaint (D.I. 2) and amended complaint (D.I. 66), together, are considered as the operative pleading. The matter will proceed on the remaining allegations, claims, and defendants as set forth in the court's August 2, 2010 and August 5, 2011 orders. (*See* D.I. 8, 93, 121) Defendants shall file an answer or otherwise plead as required by the Federal Rules of Civil Procedure.

_____
UNITED STATES DISTRICT JUDGE