## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD D. PARKELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-412-SLR |
| | ) |
| COMMISSIONER CARL DANBERG, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this $\mathcal{Jb}^{th}$ day of June, 2013, having considered plaintiff's pending

motions to compel (D.I. 163, 173, 181);

IT IS ORDERED that: (1) the motion to compel (D.I. 163) is **granted** in part and

denied in part; (2) the motion to compel (D.I. 173) is **denied**; and (3) the motion to

compel (D.I. 181) is **granted** in part and **denied** in part; (4) all pending motions for

summary judgment (D.I. 186, 189, 192) are **denied** without prejudice to renew; and (5)

a new summary judgment motion deadline is entered, for the reasons that follow:

1. **Background**. Plaintiff Donald D. Parkell ("plaintiff") is currently incarcerated

at the Howard R. Young Correctional Institution in Wilmington, Delaware. He filed this

lawsuit, pursuant to 42 U.S.C. § 1983, alleging that constitutional violations occurred

when he was incarcerated at the James T. Vaughn Correctional Center ("VCC"),

Smyrna, Delaware. Plaintiff also raises supplemental state claims. He proceeds pro se

and has been granted leave to proceed without prepayment of fees.

2. **Discovery**. Plaintiff challenges the policies and practices pertaining to the

DOC (i.e., Delaware Department of Correction) and medical procedures. (*See* D.I. 2,

66) He has filed three motions to compel. Federal Rule of Civil Procedure 37 provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1). Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

3. **Motion to compel (D.I. 163)**. The first motion to compel seeks responses to a request for production of documents (D.I. 134) served upon defendants on May 8, 2012. The motion is granted in part and denied in part. The request seeks numerous policies from defendants. (*Id.* at Request Nos. 2, 3, 4, 7, 8, 12, 13, 15, 16) State defendants objected to producing the policies as privileged information pursuant to 11 Del. C. § 4322 and 29 Del. C. § 10002. Medical defendant Corizon, Inc. f/k/a Correctional Medical Services, Inc. ("CMS"), did not provide the materials because they are not in its possession, custody, or control, but directed plaintiff to the DOC website where the policy manuals related to health care are maintained. (*See* D.I. 168) CMS takes no position on the motion to compel to the extent that it seeks production of DOC records and opposes relief to the extent it seeks anything other than DOC records and policies.

4. State defendants agree that DOC policies are available on the internet and indicate that, to the extent plaintiff does not have access to the internet due to his incarceration, they will produce any relevant DOC policies. (*See* D.I. 170) The specific SHU (i.e., security housing unit) and C-Building isolation policies that plaintiff seeks are

2

addressed by the policies of the specific institution - here VCC.  VCC policies that

provide for the safe operation of the facility are not made public for security reasons

and, hence, were not produced to plaintiff.  State defendants contend that releasing

SHU and isolation policies would pose a higher security concern, as SHU manages the

most dangerous inmates housed at VCC, and isolation is used as a means to separate

inmates from the general population as a result of violations of rules or regulations that

constitute a threat to the security of the facility or safety of inmates or staff.  Therefore,

State defendants ask the court to deny plaintiff's motion to compel production of VCC

policies due to security concerns.  The court notes that on February 12, 2013, State

defendants provided plaintiff certain policies he requested. (*See* D.I. 176, 184, 194,

195)

    5.  The motion to compel (D.I. 163) is denied except that, within **thirty (30) days**

from the date of this order, State defendants shall produce the relevant DOC policies

that are available on the internet to the extent that they have not been produced and to

the extent that plaintiff does not have access to the internet due to his incarceration, as

well as the redacted portions of all relevant VCC policies.[1]

    6.  **Motion to compel (D.I. 173)**.  The second motion to compel seeks to compel

the production of documents in response to discovery (D.I. 164, 165) served upon

defendant Correct Care Solutions (CCS) on October 10, 2012.  The motion is denied.

Plaintiff challenges CCS' responses to Request Nos. 1, 2, 3, 4, 7, 13, and 18 in the first

---

[1]If an unredacted portion of any VCC policy is submitted to the court as part of
the summary judgment record, a copy of such shall be provided to plaintiff upon his
executing a confidentiality agreement.

request for production of documents (D.I. 164) and its responses to Request Nos. 1 and 2 in the second request for production of documents (D.I. 165).

7. In responses Nos. 1, 2, 3, and 4 to the first request for production of documents (D.I. 171) and responses Nos. 1, and 2 to the second request for production of documents (D.I. 172), CCS objected, but answered and stated either that the documents were not in its possession, custody, or control, or directed plaintiff to obtain the documents from State defendants as the documents were likely in their possession, custody or control. In its response to Request No. 13, CCS objected, but adequately answered the request. Finally, in response to Request No. 18, CCS notes that the documents were previously produced by State defendants and CCS and saw no need to produce a third set of records. The court finds adequate CCS' responses.

8. Request No. 7 seeks "any and all policies, directives or instructions to staff concerning cost cutting or financial savings in and throughout the medical department." CCS objected on the grounds that the request is vague, overly broad and not reasonably likely to lead to admissible evidence, and is irrelevant to the claims asserted in this case. The objections are sustained as the request is overly broad.

9. **Motion to compel (D.I. 181)**. The third motion to compel seeks to compel the production of documents in response to discovery (D.I. 176) served upon defendants on November 29, 2012. The motion appears to be directed only to medical defendants CMS, Betty Bryant ("Bryant"), and Christina Damron ("Damron") ("medical defendants"). The motion is granted in part and denied in part.

10. Plaintiff challenges medical defendants' responses to Request Nos. 1, 2, 6, 7, 8, 9, 13, 14, 15, and 17. Medical defendants objected, but answered Request Nos. 1,

4

2, 6, 7, and 17. The court sustains the objections and finds adequate medical defendants' responses to Request Nos. 1, 2, 6, 7, and 17. The court sustains the objections to Request Nos. 9, 13, 14, 15. The court overrules the objection to Request No. 8. Medical defendants shall provide the name of the mental health worker who placed the emergency phone call demanding medical treatment for plaintiff when he was housed in C-building isolation to the extent that medical defendants have personal knowledge of the mental health worker or they can discern, from medical records, the name of the mental health worker.

11. **Motions for Summary Judgment**. Defendants' motions for summary judgment (D.I. 186, 189, 192) are denied without prejudice to the filing of new summary judgment motions after the completion of discovery. The summary judgment motion deadline is extended to all parties as follows: All summary judgment motions with opening briefs and affidavits, if any, in support of the motions, shall be served and filed on or before **September 30, 2013**. Answering briefs and affidavits, if any, shall be filed on or before, **October 31, 2013**. Reply briefs shall be filed on or before **November 15, 2013**.

UNITED STATES DISTRICT JUDGE

5